UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLA ESTES,<br><br>    Plaintiff,<br><br>    v.<br><br>JUDGE REGINA S. CAHAN; JUDGE PALMER ROBINSON; and ANY AND ALL KING COUNTY SUPERIOR COURT JUDGES,<br><br>    Defendants. | Case No. C14-1300RSM<br><br>ORDER DISMISSING COMPLAINT |

   THIS MATTER comes before the Court on *pro se* Plaintiff's Motion for Temporary Restraining Order (#5) filed in the above-captioned case.  For the reasons set forth below, the Court DISMISSES Plaintiff's Complaint as frivolous.

   Plaintiff brought two related matters before the Court alleging civil rights violations under 42 U.S.C. § 1983.  *Estes v. LaVoi, et al.*, Case No. C14-1298RSM and *Estes v. Cahan, et al.*, Case No. C14-1300RSM.  In the first Complaint, Plaintiff asserted numerous allegations against the father of her minor son and his family.  *Estes v. LaVoi*, Case No. C14-1298RSM, Dkt. #3.  The Court has dismissed that case for lack of subject matter jurisdiction.

ORDER OF DISMISSAL
PAGE - 1

In the instant Complaint, Plaintiff names as Defendants all King County Superior Court Judges, including Judge Regina Cahan and Judge Palmer Robinson, alleging that the Judges have not been performing their jobs correctly, and asking the Court to give her sole custody of her son; enter a variety of restraining orders against Mr. LaVoi and his family; and restrain all King County Judges from having any involvement in her custody matters.  Dkt. #4 at 4.

A federal court may dismiss a Complaint *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). . . .  Such a dismissal may be made without notice where the claimant cannot possibly win relief.").  A complaint is frivolous when it has no arguable basis in law or fact.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).  Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has found that at a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 678.  The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

ORDER OF DISMISSAL
PAGE - 2

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id.* at 682.

In reviewing a complaint under these standards, the Court must accept as true the allegations of the complaint in question, *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969). However, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id.* at 679.

Allegations in *pro se* complaints, "'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers[,]'" and must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (*per curiam*)); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). A district court should not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that

ORDER OF DISMISSAL
PAGE - 3

the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (*per curiam*) (internal quotation marks omitted).

Applying these standards to the instant matter, the Court finds Plaintiff's allegations to be deficient and frivolous. The Court acknowledges that bitter custody battles, such as this one appears to be, can take an extreme emotional toll on a family. The Court also acknowledges that Ms. Estes may not agree with the actions taken by the State court with respect to her son. However, she cites no facts demonstrating that she was denied her federal constitutional or statutory rights which would support a section 1983 Complaint. *See* Dkt. #4 at 2-3. Further, given the nature of the Complaint, it is also clear that these deficiencies cannot be cured by amendment.

Accordingly, the Court hereby finds and ORDERS:

(1) This matter, *Estes v. Cahan, et al.*, Case No C14-1300RSM, is DISMISSED.

(2) Plaintiff's pending Motion for Temporary Restraining Order (Dkt. #5) is STRICKEN AS MOOT.

(3) The CLERK shall forward a copy of this Order to *pro se* Plaintiff by U.S. Mail.

(4) This case is now CLOSED.

DATED this 2 day of September 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL
PAGE - 4